■ JACK TASHJIAN, as Parent and Natural Guardian of JACK TASHJIAN, JR., an Infant, et al., Respondents, v NORTH COLONIE CENTRAL SCHOOL DISTRICT No. 5, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. GERALD ROSNEY, an Infant, by His Parents and Natural Guardians PHILIP ROSNEY et al., Third-Party Defendant-Respondent.—Appeals from (1) an amended judgment of the Supreme Court, entered January 10, 1975 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiff, and (2) an order of said court which denied a motion to set aside the verdict. On June 10, 1970, the infant plaintiff, then an eight-year-old third grade student at Forts Ferry Elementary School in the North Colonie Central School District, was struck on the nose by a bat held by a fourth grade student, Gerald Rosney, while engaged in playing softball during the lunch recess. School regulations did not permit third grade students to participate in softball games during recess, although such an activity was permissible for fourth graders. There were two supervisors on the playground at the time plaintiff was injured, but neither witnessed the accident. First aid was rendered and X rays were immediately taken at a local hospital. They disclosed no fracture and plaintiff's recovery was uneventful until the second week in July when he suffered an epileptic seizure, which was followed by recurrent seizures thereafter requiring hospitalization and continued use of anticonvulsant medication. Although there is conflicting medical opinion as to the prognosis of future epilepsy, the medical witnesses have testified that the blow in the face with the softball bat was the competent and producing cause of the epileptic seizures suffered by the infant plaintiff. We first consider the question of the liability of the school district. Clearly, there is an unqualified duty on the part of a school district to provide supervision of playground activities (Education Law, § 1709, subd 16; *Decker v Dundee Cent. School Dist.,* 4 NY2d 462). In the matter at hand, there were regulations prohibiting the playing of softball by third grade students during recess. Thus, there has been a showing of a failure on the part of the school district to enforce its own rules, and the jury was completely justified in concluding that this lack of supervision constituted negligence and was a proximate cause of the injury to the infant plaintiff *(Decker v Dundee Cent. School Dist., supra).* The jury awarded the infant plaintiff the sum of $37,100 which appellant contends is excessive. We disagree. The medical evidence supports the finding of a serious injury being suffered by the plaintiff and, since the jury may assign such weight to any conflicting evidence as it deems proper, we are unable to say under all the circumstances that we should disturb their verdict. Nor do we perceive any basis upon which to say that the conduct of the trial rendered a fair and impartial verdict impossible. The assigned errors, if accepted as such, cannot be held to be so prejudicial as to require a new trial. All parties were

represented by competent and experienced counsel, and there is nothing in this record to suggest that the verdict was based upon other than legally admissible evidence. Judgment and order affirmed, with costs to respondents. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.