■ WINSTON DENNIS, an Infant, by His Mother and Natural

Guardian, VERENA DENNIS, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [613 NYS2d 243] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Held, J.), entered June 8, 1992, which, upon granting the defendants' motion pursuant to CPLR 4401 for judgment at the close of the evidence, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the defendants' motion is denied, and a new trial is granted, with costs to abide the event.

The plaintiff Winston Dennis sustained injuries while attending school when another student closed a classroom door on Winston's hand. The plaintiffs commenced this action against the City of New York, the Board of Education, the School District and the school, alleging that Winston's injury was caused, *inter alia,* by the defendants' failure to properly supervise the students. At trial, the plaintiffs offered evidence that shortly before the incident, the teacher reprimanded a group of students for "playing" with the door at the rear of the classroom. The teacher then left the room to escort another student to the dean's office. After the teacher left, someone slammed the door on Winston's hand.

The trial court granted the defendants' motion for judgment as a matter of law *(see,* CPLR 4401), finding that Winston's injury was the result of an intervening cause. We disagree.

While an extraordinary and unforeseeable act will sever the causal connection between a defendant's actions and a plaintiff's injuries, the issue of whether such an act was foreseeable is typically a question for the trier-of-fact to resolve *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *Arena v Ostrin,* 134 AD2d 306). Here, the plaintiffs provided evidence that the teacher was aware that a group of students had been "playing" with the door which was closed on Winston's hand, thus creating an issue of fact as to whether the intervening act was foreseeable *(see, Alferoff v Casagrande,* 122 AD2d 183; *cf., Hauser v North Rockland Cent. School Dist. No. 1,* 166 AD2d 553). The trial court therefore erred in granting the defendants' motion to dismiss the action.

In light of our determination, we need not address the plaintiffs' remaining contention. Copertino, Altman and Goldstein, JJ., concur.

Lawrence J. P., dissents, and votes to affirm the judgment appealed from with the following memorandum: The 12-year-old plaintiff sustained injury when a fellow seventh grader

closed the rear door of their classroom on his hand. The accident occurred when the infant plaintiff was about to enter the classroom, and had placed his hand on the doorjamb and turned to look at a group of friends that had congregated in the hall. The fellow student, who was inside the classroom, closed the door in an attempt to keep the boys out. At the time of the accident the homeroom teacher had just begun to walk down the hall away from the classroom, escorting another student to the dean's office.

"It is well established that a school is not the insurer of the safety of the students and it is only under a duty to exercise the degree of reasonable care that a parent of ordinary prudence would have exercised under comparable circumstances (see, Ohman v Board of Educ., 300 NY 306)" (Hauser v North Rockland Cent. School Dist. No. 1, 166 AD2d 553, 554; Rock v Central Sq. School Dist., 113 AD2d 1008). The evidence adduced at trial established that the intervening act of a fellow student, and not any lack of supervision, caused the infant plaintiff's injuries (see, Schlecker v Connetquot Cent. School Dist., 150 AD2d 548). Moreover, while the teacher had asked a group of students to stop playing around the door and to go inside and sit down a few minutes before the accident, there is absolutely nothing in the record to indicate that the students did not comply with the teacher's request. Nor is there any indication that the students regularly engaged in "rowdy and disruptive behavior" in the teacher's absence, or that his presence in the class room could have prevented the accident (see, Alferoff v Casagrande, 122 AD2d 183, 184). Under the circumstances, the intervening third-party's act could hardly have been anticipated in the reasonable exercise of the school's legal duty to the infant plaintiff (see, Hauser v North Rockland Cent. School Dist. No. 1, 166 AD2d 553, supra), and therefore, the trial court properly directed a verdict in favor of the defendants.

Finally, under the circumstances of this case the trial court did not improvidently exercise its discretion in refusing to permit the plaintiffs' expert to testify at trial, as they failed to establish good cause for their noncompliance with CPLR 3101 (d) (i) (see, Lasek v Nachtigall, 189 AD2d 749; Hudson v Manhattan & Bronx Surface Tr. Operating Auth., 188 AD2d 355; Corning v Carlin, 178 AD2d 576). Thus, the judgment appealed from should be affirmed.