■ NAGMA SINGH et al., Appellants, v RAJCOOMARIE B. PERSAUD, Respondent. [702 NYS2d 628] —In an action to recover dam-

ages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered November 16, 1998, which, upon the granting of the defendant's motion made at the close of the plaintiffs' case for judgment as a matter of law, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, the defendant's motion is denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

Although the defendant, who was caring for the infant plaintiff and several other children in her home, was not an insurer of the children entrusted to her care, she was under a duty to adequately supervise such children, and can be held liable for foreseeable injuries proximately related to the lack of adequate supervision (*see, Breland v Flushing YMCA,* 245 AD2d 410). Under the circumstances of this case, the defendant did not demonstrate prima facie entitlement to judgment as a matter of law, since a question of fact exists as to whether the defendant adequately supervised the infant plaintiff on the day in question (*see, Breland v Flushing YMCA, supra*; *Zuckerman v City of New York,* 49 NY2d 557).

Furthermore, while an extraordinary and unforeseeable act will sever the causal connection between a defendant's actions and a plaintiff's injuries, the issue of whether an injury-producing act was foreseeable is typically a question for the trier of fact to resolve (*see, Dennis v City of New York,* 205 AD2d 577, 578; *see also, Broad v Patico Corp.,* 243 AD2d 434; *Ceglia v Portledge School,* 187 AD2d 550). The defendant testified, as a witness called by the plaintiffs, that she was aware that the older children were running in the living room and might potentially harm each other. This created an issue of fact as to whether it was foreseeable that the infant plaintiff's older brother would fall on her, causing injury (*see, Dennis v City of New York, supra*). The trial court therefore erred in granting the defendant's motion for judgment as a matter of law. Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.