■ ANGELA LEMOS et al., Appellants, v CITY OF POUGHKEEPSIE SCHOOL DISTRICT et al., Respondents. [749 NYS2d 88] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Hillery, J.), dated July 30, 2001, which granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motions for summary judgment are denied.

The infant plaintiff, then an 11-year-old fifth grader, was injured while playing freeze tag in a school yard owned by the defendant City of Poughkeepsie School District (hereinafter the School District). The accident occurred when she tripped and struck her face on a clamp which held in place the support pole of a jungle gym. The plaintiffs commenced this action, alleging negligent design and maintenance of the jungle gym, and negligent supervision of the infant plaintiff in the school yard.

After issue was joined, the defendants moved for summary judgment. The Supreme Court granted the defendants' respective motions and dismissed the action in its entirety. We reverse on the ground that there are triable issues of fact as to whether the jungle gym was negligently designed and maintained.

It is undisputed that four employees of the School District were supervising the children at the time of the accident. There is no indication that the supervision by the School District of the 11-year-old plaintiff was inadequate, nor that a reasonably prudent parent would have stopped the infant plaintiff from playing the game of freeze tag (*see Santana v City of New York,* 282 AD2d 208). Moreover, there is no indication that more intense supervision could have averted this accident (*see Navarra v Lynbrook Pub. Schools,* 289 AD2d 211; *Nossoughi v Ramapo Cent. School Dist.,* 287 AD2d 444). Therefore, the plaintiffs' claims of negligent supervision were properly rejected.

However, in support of their claims of negligent design against the manufacturer and negligent maintenance against the School District, the plaintiffs submitted an expert's affidavit that raised triable issues of fact.

In view of the foregoing, summary judgment should have been denied. Feuerstein, J.P., Smith, Goldstein and Luciano, JJ., concur.