ROBERT W. COOK, Appellant, v JOSEPH KOMOROWSKI et al., Respondents. [752 NYS2d 475] —Appeal from an order of Supreme Court, Erie County (Sconiers, J.), entered January 24, 2002, which granted defendants' motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for an eye injury that he sustained when he was struck by

a paint pellet fired by Jeffrey Komorowski (defendant) during a game of splatball. Supreme Court properly granted defendants' motion seeking summary judgment dismissing the complaint based on the doctrine of primary assumption of the risk. "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484; *see Turcotte v Fell*, 68 NY2d 432, 439). Defendants met their initial burden on the motion by establishing that the risk of eye injury was inherent in the sport of splatball and that plaintiff was aware of that risk, and plaintiff failed to raise a triable issue of fact (*see Lamey v Foley*, 188 AD2d 157, 164; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The assertion of plaintiff that he did not believe that anyone would shoot him in the eye is insufficient to raise a triable issue of fact; it is not necessary for defendants "to demonstrate that plaintiff foresaw the exact manner in which his injury occurred" (*Lamey*, 188 AD2d at 164, citing *Maddox v City of New York*, 66 NY2d 270, 278). Plaintiff also failed to raise a triable issue of fact whether defendant acted recklessly to render inapplicable the doctrine of primary assumption of the risk (*see Morgan*, 90 NY2d at 485). There is no evidence in the record that defendant's conduct constituted a "flagrant infraction[ ] unrelated to the normal method of playing the game and done without any competitive purpose" (*Turcotte*, 68 NY2d at 441; *see Glazier v Keuka Coll.*, 275 AD2d 1039). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.