■ MICHAEL KANDKHOROV et al., Appellants, v IRA PINKHASOV, Doing Business as IRA's PARKWAY DAY CARE, Respondent. [756 NYS2d 65] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Berke, J.), dated December 13, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On September 1, 1999, the infant plaintiff, a four-year-old in the custody of a day care center owned by the defendant, was injured when he allegedly fell down stairs after a fellow classmate threw a plastic chair. The children apparently had been instructed by their teacher to carry chairs from a room on the second floor to their classroom. After the incident, the infant and his mother commenced this action against the defendant alleging negligent supervision. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint finding that the infant plaintiff's injuries resulted from the sudden and unforeseeable act of another student. We reverse.

While schools are not insurers of their students' safety since they cannot reasonably be expected to continuously supervise and control all of their movements and activities (*see Mirand v City of New York,* 84 NY2d 44, 49; *Hernandez v Christopher Robin Academy,* 276 AD2d 592), they have a duty to provide supervision to ensure the safety of those students in their charge, and are liable for foreseeable injuries proximately caused by the absence of adequate supervision (*see Mirand v City of New York, supra* at 49-50; *Singh v Persaud,* 269 AD2d 381, 382).

Under the circumstances of this case, the defendant did not demonstrate prima facie entitlement to judgment as a matter of law. A question of fact exists as to whether the defendant adequately supervised the infant plaintiff on the day in question when a teacher directed the class members to carry chairs down the stairs (*see Singh v Persaud, supra* at 382).

Furthermore, while an extraordinary and unforeseeable act will sever the causal connection between a defendant's actions and a plaintiff's injuries, the issue of whether an injury-producing act was foreseeable is typically a question for the trier of fact to resolve (*see Dennis v City of New York,* 205 AD2d 577, 578). There are issues of fact concerning the reasonableness of permitting four-year-old children to carry chairs down a flight of stairs and whether the intervening act could have been foreseen (*see Singh v Persaud, supra*).

Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.