■ JASON SCHNEIDER, Respondent, v LEVITTOWN UNION FREE SCHOOL DISTRICT, Sued Herein as LEVITTOWN PUBLIC SCHOOLS U.S.F.D., et al., Appellants, et al., Defendant. [756 NYS2d 276] —In an action to recover damages for personal injuries, the defendants Levittown Union Free School District, sued herein as Levittown Public Schools U.S.F.D., and Douglas Robins, and Daniel Sambriski separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated June 14, 2002, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeals by Levittown Union Free School District, sued herein as Levittown Public Schools U.S.F.D., and Douglas Robins are withdrawn; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motion of the appellant Daniel Sambriski is granted, and the complaint is dismissed insofar as asserted against him; and it is further,

Ordered that one bill of costs is awarded to the appellant Daniel Sambriski.

The plaintiff was injured when he was hit in the left eye by a tennis ball allegedly thrown by Daniel P. Sambriski during a game of "war" played after school in a basement room at the Division Avenue High School on January 13, 1998. The plaintiff, then a high school senior and a prospective member of the school's varsity baseball team, went to the basement room at approximately 2:25 P.M. for voluntary preseason batting practice. The room, which had been used for batting practice for six or seven years before the plaintiff's injury, was equipped by the school with batting tees, tennis balls, and nets or curtains for catching the balls. After taking some batting practice, the plaintiff and five other young men who were also present to practice their batting skills decided to choose two teams of three participants and play a game of war. The game, which the plaintiff had played on prior occasions, was played by throwing tennis balls at the members of the opposite team in an effort to hit them. The plaintiff played the game for 10 or 15 minutes and threw a number of balls at the other participants before he was hit in his left eye by a tennis ball at approximately 2:45 P.M.

The plaintiff brought this action against, among others, the defendant Daniel Sambriski individually, and as the parent and guardian of Daniel P. Sambriski, alleging that Daniel P. Sambriski negligently injured the plaintiff. The Supreme Court denied the motion of Daniel Sambriski for summary judgment. We reverse.

Daniel Sambriski is entitled to summary judgment dismissing the complaint insofar as asserted against him. The doctrine of assumption of the risk applies to relieve a fellow player from liability for the plaintiff's injury (see Turcotte v Fell, 68 NY2d 432, 440 [1986]). There was nothing in the record to support the plaintiff's claim that Daniel P. Sambriski was reckless or that he struck the plaintiff in the eye intentionally. The ultimate purpose of the game was to hit the other players with the balls, and the risk of being hit anywhere on the body was inherent in the game and was within the risk assumed (see

*Turcotte v Fell, supra* at 440). Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.