In an action to recover damages for personal injuries, etc., the defendants Joann Motts, individually and as mother and natural guardian of William Ratel, and William Ratel appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 19, 2002, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.
*574 The infant plaintiff Jacqueline Lumley (hereinafter Lumley) sustained a fractured ankle while playing a game of “kick the can” with other children, including the infant defendant William Ratel (hereinafter Ratel), in the backyard of Ratel’s residence. Ratel slid while attempting to reach the can and collided with Lumley. The plaintiffs commenced this action against, among others, Ratel and his mother Joann Motts (hereinafter the appellants), alleging, inter alia, a negligence cause of action against Ratel and a cause of action based on negligent supervision against Motts.
The appellants established their prima facie entitlement to summary judgment on the ground that the doctrine of assumption of the risk barred the plaintiffs’ negligence claim against Ratel (see Morgan v State of New York, 90 NY2d 471 [1997]; Bierach v Nichols, 248 AD2d 916 [1998]; Kelly v Great Neck Union Free School Dist., 192 AD2d 696 [1993]). In opposition, the plaintiffs failed to raise a triable issue of fact as to their contentions that Ratel’s conduct was reckless or intentional or that his conduct created a dangerous condition over and above the usual dangers inherent in the game (see Morgan v State, supra; Schneider v Levittown Union Free School Dist., 303 AD2d 394 [2003]; Cook v Komorowski, 300 AD2d 1040 [2002]; Vega v County of Westchester, 282 AD2d 738 [2001]; cf. Convey v Rye School Dist., 271 AD2d 154 [2000]). Accordingly, the negligence cause of action against the defendants should have been dismissed.
The plaintiffs’ arguments regarding their cause of action based on. negligent supervision are unpreserved for appellate review, as these arguments were not raised in the Supreme Court (see Singh v Eisen, 260 AD2d 363 [1999]). In any event, after the appellants made out a prima facie case for summary judgment, the plaintiffs failed to demonstrate the existence of a triable issue of fact with respect to their negligent supervision cause of action. Accordingly, the appellants’ motion for summary judgment dismissing the complaint should have been granted, S. Miller, J.E, Krausman, Townes and Cozier, JJ., concur.