■ Duane Douglas et al., Appellants, v John Hus Moravian Church of Brooklyn, Inc., et al., Respondents. [778 NYS2d 77]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated March 6, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On August 6, 1998, at approximately 3:30 P.M., the nine-year old infant plaintiff was participating in the defendants' summer camp day-care program located in the basement auditorium of their facility on Ocean Avenue.

The infant plaintiff allegedly was injured during a game of

tag when, as he ran, another participant tagged him and the force of the tag caused him to fall. As the infant plaintiff attempted to arise, the other child reportedly fell on him causing injury to his arm.

The plaintiffs subsequently commenced this action alleging negligent supervision. The defendants moved for summary judgment dismissing the complaint on the grounds that the incident was the result of an unanticipated and spontaneous act and because the infant plaintiff allegedly assumed the risks inherent in participating in the game. The Supreme Court granted the motion finding that, while a triable issue of fact exists as to whether the defendants adequately supervised the infant plaintiff, he had voluntarily assumed the risk.

The Supreme Court correctly determined that a triable issue of fact exist as to the adequacy of the defendants' supervision and whether closer supervision would have prevented the accident. "While schools are not insurers of their students' safety since they cannot reasonably be expected to continuously supervise and control all of their movements and activities (*see Mirand v City of New York,* 84 NY2d 44, 49; *Hernandez v Christopher Robin Academy,* 276 AD2d 592), they have a duty to provide supervision to ensure the safety of those students in their charge, and are liable for foreseeable injuries proximately caused by the absence of adequate supervision" (*Kandkhorov v Pinkhasov,* 302 AD2d 432, 433 [2003]; *Capotosto v Roman Catholic Diocese of Rockville Ctr.,* 2 AD3d 384 [2003]). "The defendants, as providers of day care services, owed the plaintiff[s] the same duty of care and supervision owed by a reasonably prudent parent under the circumstances" (*Colarusso v Dunne,* 286 AD2d 37, 40 [2001]).

During a deposition, the defendants' principal acknowledged that while the children were allowed to play certain games such as jump rope, musical chairs, and pass the ball in the auditorium when supervised by a teacher, they were not permitted to chase one another or play tag. If they did so, the teachers were instructed to tell the children to sit down. The infant plaintiff, however, testified that he and his friends had been engaged in their game of tag for approximately one-half hour before the accident. Moreover, while two teachers and a few teenage counselors were in the auditorium at the time of the accident, they allegedly were engaged in other activities and not supervising the children. The infant plaintiff therefore purportedly was participating in a prohibited activity for an extended period of time and more intense supervision may have prevented the accident (*see Johnson v City of New York,* 309 AD2d 671 [2003];

*Singh v Persaud,* 269 AD2d 381 [2000]; *cf. Lemos v City of Poughkeepsie School Dist.,* 299 AD2d 327 [2002]; *Santana v City of New York,* 282 AD2d 208 [2001]; *Capotosto v Roman Catholic Diocese of Rockville Ctr., supra* at 386).

Contrary to the conclusion of the Supreme Court, however, while the infant plaintiff was a willing participant in the game, in light of his age and limited experience, it can not presently be determined as a matter of law that he was aware of and fully appreciated the risks involved in the activity in which he was engaged (*see Kroll v Watt,* 309 AD2d 1265 [2000]; *Trainer v Camp Hadar Hatorah,* 297 AD2d 731 [2002]; *Convey v City of Rye School Dist.,* 271 AD2d 154 [2000]; *cf. Lumley v Motts,* 1 AD3d 573 [2003]; *Schneider v Levittown Union Free School Dist.,* 303 AD2d 394 [2003]).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.