■ PAUL DEINHART, Individually and as Parent and Natural Guardian of ALLYSON DEINHART, a Minor, Respondent, v CARMEN PILATO et al., Defendants, and ELAINE PILATO, Appellant. (Appeal No. 1.) [784 NYS2d 452]—Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered December 3, 2003. The order, insofar as appealed from, denied the motion of defendant Elaine Pilato for summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Supreme Court properly denied the motion of Elaine Pilato (defendant) seeking summary judgment dismissing the complaint against her. Defendant failed to tender sufficient evidence eliminating all material issues of fact from the case and thus failed to make a prima facie showing of entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

All concur except Scudder, J., who dissents and votes to reverse the order insofar as appealed from in accordance with the following memorandum.

Scudder, J. (dissenting). I respectfully dissent and would reverse the order insofar as appealed from by granting the motion of Elaine Pilato (defendant) for summary judgment dismissing the complaint against her. Plaintiff commenced this action seeking damages for injuries allegedly sustained by his five-year-old daughter while in day care at defendant's home. Plaintiff testified at his deposition that defendant's five-year-old grandson ran over his daughter's foot while riding a girls' bicycle that was either 26 or 27 inches in height. Defendant Jennifer Pilato, the owner of the bicycle, testified that it was 24 inches in height.

In support of her motion, defendant established that she cared for nine children after school, including plaintiff's daughter. Four of the children were either her own children or foster children and thus resided with her, and one of the children was her grandson. Defendant received monetary consideration from the parents of the four other children, including plaintiff. On the day of the incident, the children were playing in the driveway and the front yard and, according to the deposition testimony of defendant, she went "[b]etween the kitchen making macaroni and cheese and the front door" to watch the children while they played outside. She observed that plaintiff's daughter fell while running in the driveway, and she applied ice to the child's knee. Defendant was not aware of any other incident involving plaintiff's daughter that afternoon. She did not observe her grandson strike plaintiff's daughter with the bicycle, which he had ridden many times, and she first learned of the incident that evening, when plaintiff telephoned to speak to her about it. In my view, defendant thereby established her entitlement to judgment as a matter of law.

In opposition, plaintiff provided excerpts of defendant's deposition testimony and the affidavit of his wife, who set forth her opinion that defendant's supervision of the children was inadequate because defendant permitted her grandson to ride the bicycle, and because she was not watching the children continuously. In my view, those submissions are insufficient to raise an issue of fact whether defendant's failure to obtain a license to operate a family day care home pursuant to Social Services Law § 390 constituted negligence (cf. *Mattison v Craig,* 266 AD2d 797 [1999]) or whether defendant was negligent in supervising the children and, if so, whether that negligence was a proximate cause of the injuries at issue (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

I further conclude that Supreme Court erred in relying upon *Kandkhorov v Pinkhasov* (302 AD2d 432 [2003]) in determining that plaintiff raised an issue of fact sufficient to defeat the motion with respect to the negligent supervision claim. In *Kandkhorov,* the Second Department concluded that there was an issue of fact whether defendant provided adequate supervision for the four-year-old plaintiff. The day care teacher had directed the members of her class to carry chairs down the stairs, and the infant plaintiff was injured while doing so. Here, the children were playing in a safe environment; defendant's grandson was permitted to ride the bicycle that he had ridden many times without incident (*see generally Santalucia v County of Broome,* 205 AD2d 969, 970-971 [1994], *lv dismissed* 84 NY2d 923 [1994]); and the children were observed by defendant. I therefore conclude that the court should have granted the motion of defendant for summary judgment dismissing the complaint against her. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.