■ ALESSANDRO OLIVERIO et al., Appellants, v LAWRENCE PUB-LIC SCHOOLS et al., Respondents, et al., Defendant. [805 NYS2d 638]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated July 6, 2004, as granted that branch of the motion of the defendants Lawrence Public Schools, Lawrence Union Free School District, and Lawrence Elementary School No. 2 which was for summary judgment dismissing the cause of action to re-cover damages based on negligent supervision insofar as as-serted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Lawrence Public Schools, Lawrence Union Free School District, and Lawrence Elementary School No. 2 which was for summary judgment dismissing the cause of action to re-cover damages based on negligent supervision insofar as as-serted against them is denied, and that cause of action is reinstated against those defendants.

The infant plaintiff, then six years old and a first-grader at Lawrence Elementary School No. 2, was injured when he struck his mouth on a metal step of playground equipment during a lunch and recess period. The infant plaintiff was engaged in a game of tag with seven or eight fellow students. The playground equipment was being used as a "safe" base. The children were playing for about 20 minutes when the infant plaintiff and a teammate were running and chasing another person, a require-ment of the game even though the infant plaintiff was not "It."

Running and playing tag on the subject equipment was against the school rules because it was unsafe to play tag on that equipment. The school lunch monitors, however, did not tell the infant plaintiff to stop playing tag on the equipment.

The plaintiffs commenced this action, inter alia, to recover damages for the injury to the infant plaintiff's mouth, among other things, based on a claim of negligent supervision. The defendants Lawrence Public Schools, Lawrence Union Free School District, and Lawrence Elementary School No. 2 (hereinafter the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, granted the motion and dismissed the cause of action based on negligent supervision insofar as asserted against the defendants because the infant plaintiff's contention that he was playing tag was insufficient to raise a triable issue of fact because he was not "It" in the game or was not chasing anyone. Quite the contrary, the evidence elicited by the defendants themselves indicated that the infant plaintiff was playing tag on the playground equipment and was running and chasing another person at the time of the accident even though he was not "It."

In addition, the defendants' own evidence demonstrated that the rules forbade the children from running on the playground equipment where the infant plaintiff was injured because it was dangerous. Yet their evidence also shows that this game of tag, which included running on the playground equipment, lasted for at least 20 minutes before the infant plaintiff was injured. In these circumstances, the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Singh v Persaud*, 269 AD2d 381, 382 [2000]; *Kandkhorov v Pinkhasov*, 302 AD2d 432, 433 [2003]).

The plaintiffs do not complain about the adequacy of the numerical ratio of supervisors to pupils; thus, that is not an issue in this case (*cf. Berdecia v City of New York*, 289 AD2d 354 [2001]; *Davidson v Sachem Cent. School Dist.*, 300 AD2d 276 [2002]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d 211 [2001]). Rather, the plaintiffs base their negligent supervision claim on the quality of the attention devoted by the numerically-sufficient supervisors to their responsibilities (*see Johnson v City of New York*, 309 AD2d 671 [2003]; *Singh v Persaud, supra*; *Vonungern v Morris Cent. School*, 240 AD2d 926, 927 [1997]; *Dennis v City of New York*, 205 AD2d 577, 578 [1994]).

The record, viewed in a light most favorable to the plaintiffs (*see Gonzalez v Metropolitan Life Ins. Co.*, 269 AD2d 495, 496 [2000]), reveals that triable issues of fact exist as to whether more appropriate supervision would have ended that aspect of the game that included running on the playground equipment,

which allegedly caused the infant plaintiff's injury (*see Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327, 328 [2004]; *Johnson v City of New York, supra; Tashjian v North Colonie Cent. School Dist. No. 5*, 50 AD2d 691 [1975]).

The defendants' reliance on the sudden nature of the infant plaintiff's mishap is misplaced in view of the infant plaintiff's deposition testimony, which was annexed to the defendants' papers in support of the motion, that the children were utilizing the playground equipment in their game of tag for at least 20 minutes (*see Douglas v John Hus Moravian Church of Brooklyn, Inc., supra; Vonungern v Morris Cent. School, supra*). Thus, this is not a situation where the incident occurred so suddenly and in such a short span of time that no level of supervision could have prevented it (*cf. Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]; *Janukajtis v Fallon*, 284 AD2d 428, 429 [2001]; *Convey v City of Rye School Dist.*, 271 AD2d 154, 159 [2000]).

Nor does the deposition testimony of one of the monitors help the defendants' prima facie case for summary judgment. Her assertion that the injured plaintiff was walking when he fell only raises an issue of fact. The Supreme Court's observation that he was not chasing anyone since he was not "It" is belied by the infant plaintiff's deposition testimony.

All of the foregoing facts were presented in the defendants' moving papers, generating factual issues, which the defendants could not overcome as a matter of law. Thus, they failed to establish their prima facie entitlement to judgment as a matter of law, and it was unnecessary to examine the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr., supra; Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]).

Accordingly, the defendants' motion to dismiss the cause of action to recover damages based on negligent supervision insofar as asserted against them should have been denied. Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.