■ PATRICK J. BRENNAN et al., Individually and as Parents and Natural Guardians of B.B., an Infant, Respondents, v MICHAEL SINSKI et al., Appellants. [817 NYS2d 833]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 20, 2005. The order denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the claim of premises liability and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by their child when she jumped from a small tree located on property owned by defendants, the child's maternal uncle and his wife, who were "watching [her] for the day." According to plaintiffs, defendants were negligent in failing adequately to supervise the child and in maintaining their premises in a defective or unreasonably dangerous condition. Supreme Court properly denied that part of defendants' motion for summary judgment dismissing the complaint, as amplified by the bill of particulars, with respect to the claim of negligent supervision. A person to whom the custody and care of a child is entrusted by a parent "is obliged to provide adequate supervision and may be held liable for foreseeable injuries proximately resulting from the negligent failure to do so" (*Appell v Mandel*, 296 AD2d 514, 514 [2002]; *see Singh v Persaud*, 269 AD2d 381, 382 [2000]; *see generally Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Zalak v Carroll*, 15 NY2d 753, 754 [1965]). Defendants failed to establish their entitlement to judgment dismissing the claim of negligent supervision (*see Oliverio v Lawrence Pub. Schools*, 23 AD3d 633 [2005]; *Singh*, 269 AD2d at 382), and plaintiffs raised a triable issue of fact with respect to that claim in any event (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We conclude, however, that the court erred in denying that part of defendants' motion for summary judgment dismissing

the complaint, as amplified by the bill of particulars, with respect to the claim of premises liability. By that claim, plaintiffs allege that there was a defect in the premises in general or in the tree in particular. It is well established, however, that "[a] landowner will not be held liable for injuries arising from conditions on the property that are inherent to the nature of the land and could be reasonably anticipated by those using it" (*Mazzola v Mazzola*, 16 AD3d 629, 630 [2005]; *see Stanton v Town of Oyster Bay*, 2 AD3d 835, 836 [2003], *lv denied* 3 NY3d 604 [2004]; *see also Tulovic v Chase Manhattan Bank*, 309 AD2d 923, 925 [2003]). Here, defendants established as a matter of law that the alleged defect was inherent to the nature of the premises and was known to plaintiffs' child (*see Mazzola*, 16 AD3d at 630; *Dawson v Cafiero*, 292 AD2d 488 [2002], *lv denied* 98 NY2d 610 [2002]), and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). We modify the order accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.