■ CHRISTIAN DUQUIN, Appellant, v ANDREW CHAMELI et al., Respondents, et al., Defendant. [891 NYS2d 791]—

Memorandum: Plaintiff commenced this action seeking to recover damages for an eye injury he sustained when he was struck by a paintball pellet. Plaintiff moved for partial summary judgment against defendants Andrew Chameli and Dawn Chameli on the issue of liability, and the Chameli defendants (hereafter, defendants) cross-moved for summary judgment dismissing the amended complaint against them based on the doctrine of primary assumption of risk. Supreme Court properly denied the motion but erred in granting the cross motion, and we therefore modify the order accordingly. "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Turcotte v Fell*, 68 NY2d 432, 439 [1986]). To meet their burden, however, defendants were required to establish both that the risk of eye injury was inherent in the sport of paintball, and that plaintiff was aware of that risk (*see Cook v Komorowski*, 300 AD2d 1040 [2002]). Here, plaintiff testified at

his deposition that, prior to the day of his injury, he had never used a paintball gun and was unaware of the risk of injury resulting from the lack of eye protection. He further testified, however, that "[b]ack in 2002" he understood that a face mask or goggles were needed to protect paintball participants from eye injury. It is undisputed that the accident occurred on March 8, 2002, and thus it is unclear on the record before us whether plaintiff's understanding of the risk predated the accident. Thus, defendants failed to meet their burden of establishing their entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Hurlbutt, Smith and Centra, JJ.