■ DEVYN LOWE et al., Appellants, v MEACHAM CHILD CARE & LEARNING CENTER, INC., et al., Respondents. [904 NYS2d 463]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lally, J.), entered June 5, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly sustained personal injuries during recess at the defendants' day care center when he fell from "Little Tyke" playground equipment which was shaped like a chair. After commencement of this action, the defendants moved for summary judgment dismissing the complaint, contending that they adequately supervised the infant plaintiff, and that any lack of supervision on their part was not a proximate cause of the injury producing event. The Supreme Court granted the motion, and we affirm.

Day care programs have a duty to adequately supervise children in their charge, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327 [2004]). However, like schools, they are not insurers of the childrens' safety (*see Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 306 [1965]; *Kandkhorov v Pinkhasov*, 302 AD2d 432 [2003]). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the [defendant day care] is warranted" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Troiani v White Plains City School Dist.*, 64 AD3d 701 [2009]; *Lopez v Freeport Union Free School Dist.*, 288 AD2d 355 [2001]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law. In support of the motion, the defendants demonstrated by admissible proof that "they

provided adequate supervision during recess and, in any event, that the accident occurred in such a manner that it could not reasonably have been prevented by closer monitoring [of the playground], thereby negating any alleged lack of supervision as the proximate cause of the infant plaintiff's injuries" (*Troiani v White Plains City School Dist.*, 64 AD3d at 702; *see Weinblatt v Eastchester Union Free School Dist.*, 303 AD2d 581 [2003]; *Lopez v Freeport Union Free School Dist.*, 288 AD2d 355 [2001]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact.

The defendants' contention regarding the admissibility of the deposition transcripts of various witnesses has been raised for the first time on appeal and is not properly before this Court (*see Ross v Gidwani*, 47 AD3d 912 [2008]; *Dima v Morrow St. Assoc., LLC*, 31 AD3d 697 [2006]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Fisher, J.P., Santucci, Miller and Lott, JJ., concur.