# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

383

CA 10-02185

PRESENT: CENTRA, J.P., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

ANTHONY COMMISSO AND VIKKI COMMISSO,
INDIVIDUALLY AND AS PARENTS AND NATURAL
GUARDIANS OF ZACHARY COMMISSO, AN INFANT
UNDER THE AGE OF FOURTEEN YEARS,
PLAINTIFFS-RESPONDENTS,                                    MEMORANDUM AND ORDER

                           V

LYNDA GREENLEAF AND GERALD GREENLEAF,
DEFENDANTS-APPELLANTS.

---

HISCOCK & BARCLAY, LLP, SYRACUSE (MATTHEW J. SKIFF OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

PETER M. HOBAICA LLC, UTICA (GEORGE E. CURTIS OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered March 15, 2010 in a personal injury action. The order denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs, individually and on behalf of their son, commenced this action to recover damages for injuries he sustained when he fell from his bicycle while he was under the supervision of defendants, at daycare. According to plaintiffs, defendants failed to provide adequate supervision for their son, who was then seven years old and was being badgered by another child who also was on a bicycle. We conclude that Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. "A person to whom the custody and care of a child is entrusted by a parent 'is obliged to provide adequate supervision and may be held liable for foreseeable injuries proximately resulting from the negligent failure to do so' " (*Brennan v Sinski*, 31 AD3d 1108, 1109; *see Singh v Persaud*, 269 AD2d 381; *see generally Mirand v City of New York*, 84 NY2d 44, 50-51). Here, defendants failed to meet their initial burden on the motion inasmuch as their own submissions in support thereof raise issues of fact whether the accident was foreseeable and whether they provided adequate supervision (*see Oliverio v Lawrence Pub. Schools*, 23 AD3d 633, 634-635; *Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327, 328). Defendants' failure to meet their initial burden "requires denial of the motion, regardless of the sufficiency of the

opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court