■ ALEXANDRA MARINKOVIC, Respondent, v IPC INTERNATIONAL OF ILLINOIS et al., Appellants. [943 NYS2d 561]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered April 1, 2011, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendants Simon Property Group, L.P., Simon Property Group, Inc., Simon Property Group Administrative Services Partnership, L.P., Roosevelt Field Partners, LLC, Roosevelt Field Development, LLC, and Roosevelt Field Association, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff allegedly sustained injuries when a mall security guard, the defendant John Doe, riding on a Segway, a two-wheeled transportation device, struck her from behind while she was walking down a corridor in the Roosevelt Field Mall. The security guard allegedly was employed by the defendants IPC International of Illionis and IPC International, Inc.

In support of her motion for summary judgment on the issue of liability, the plaintiff established her prima facie entitlement to judgment as a matter of law against the defendants IPC International of Illinois, IPC International, Inc., and John Doe by demonstrating, prima facie, that the security guard's negligent operation of the Segway was the sole proximate cause of the accident and that she exercised due care at the time of the accident (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the defendants failed to raise a triable issue of fact. The defendants' objection to the admissibility of the plaintiff's deposition transcript is being raised for the first time on appeal and is therefore not properly before this Court (*see Lowe v Meacham Child Care & Learning Ctr., Inc.*, 74 AD3d 1029 [2010]; *Ross v Gidwani*, 47 AD3d 912 [2008]).

However, the plaintiff failed to establish her prima facie

entitlement to judgment as a matter of law on the issue of liability against the defendants Simon Property Group, L.P., Simon Property Group, Inc., Simon Property Group Administrative Services Partnership, L.P., Roosevelt Field Partners, LLC, Roosevelt Field Development, LLC, and Roosevelt Field Association, Inc. (hereinafter collectively the Simon defendants). The plaintiff failed to submit evidence in admissible form to establish the Simon defendants' liability, if any, with respect to the accident. Since the plaintiff failed to meet her prima facie burden as to the Simon defendants, that branch of her motion which was for summary judgment on the issue of liability insofar as asserted against those defendants should have been denied, without regard to the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.