■ JUAN A. PEREZ, Respondent, v CITY OF NEW YORK et al., Appellants. [960 NYS2d 477]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated January 27, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The infant plaintiff was struck by a vehicle operated by the defendant Joel E. Gaston and owned by the defendant Hoyt Transportation (hereinafter Hoyt), when the infant plaintiff was attempting to cross the street in the vicinity of his school. The infant plaintiff, by his mother, thereafter commenced this action against Gaston, Hoyt, the City of New York, and the New York City Department of Education to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, concluding that it could not consider the General Municipal Law § 50-h hearing and deposition testimony of the infant plaintiff, who was over 10 years old at the time of the testimony, because a hearing to determine whether the infant plaintiff had testimonial capacity had not been held prior to taking the infant plaintiff's testimony.

The Supreme Court erred in declining to consider the infant plaintiff's deposition testimony for the reason it stated. None of the parties challenged the infant plaintiff's capacity to testify. Under the circumstances, neither the infant plaintiff's age nor his responses to the questioning necessitated a hearing.

The defendants met their burden of demonstrating their

prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiff darted out from between parked vehicles, away from two nearby crosswalks at which crossing guards had been stationed, and directly into the path of the vehicle operated by Gaston, leaving Gaston unable to avoid contact with the infant plaintiff (*see Jahangir v Logan Bus Co., Inc.*, 89 AD3d 1064 [2011]; *Afghani v Metropolitan Suburban Bus Auth.*, 45 AD3d 511 [2007]; *Ledbetter v Johnson*, 27 AD3d 698 [2006]; *Mancia v Metropolitan Tr. Auth. Long Is. Bus*, 14 AD3d 665 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see DeJesus v Alba*, 63 AD3d 460 [2009], *affd* 14 NY3d 860 [2010]; *cf. St. Andrew v O'Brien*, 45 AD3d 1024 [2007]). The plaintiff's objection to consideration of the General Municipal Law § 50-h hearing and deposition testimony on the ground that the transcripts are not in admissible form is not properly before this Court, since it is raised for the first time on appeal (*see Marinkovic v IPC Intl. of Ill.*, 95 AD3d 839 [2012]; *Lowe v Meacham Child Care & Learning Ctr., Inc.*, 74 AD3d 1029 [2010]; *Ross v Gidwani*, 47 AD3d 912 [2008]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Hall and Sgroi, JJ., concur.