(April 24, 2013)

■ CHRISTINE ADAMI, Appellant, v WARWICK VALLEY CENTRAL SCHOOL DISTRICT et al., Respondents. [963 NYS2d 385]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Orange County (Slobod, J.), dated September 16, 2011, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) so much of an order of the same court dated January 4, 2012, as denied that branch of her motion which was for leave to renew her opposition to the defendants' separate motions for summary judgment.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The defendant Warwick Valley Central School District established its prima facie entitlement to judgment as a matter of law by showing that the plaintiff voluntarily engaged in the sport of track and field, including the discus event, and was aware of the possibility of being hit with a discus while participating in that activity (*see Morales v Beacon City School Dist.*, 44 AD3d 724 [2007]). The record shows that the plaintiff understood the rules and procedures of the discus event, including those related to safety, and understood the inherent risks associated with the sport (*see Gerry v Commack Union Free School Dist.*, 52 AD3d 467 [2008]; *Ciccone v Bedford Cent. School Dist.*, 21 AD3d 437 [2005]). The defendant Jared Komorowski also established his prima facie entitlement to judgment as a matter of law by showing that his conduct was not reckless (*see Lumley v Motts*, 1 AD3d 573 [2003]; *Schneider v Levittown Union Free School Dist.*, 303 AD2d 394 [2003]).

The plaintiff failed to raise a triable issue of fact in opposition to either of the defendants' motions. The plaintiff's expert's affidavit was speculative and conclusory and was properly disregarded by the Supreme Court (*see Rui-Jiao Liu v City of White Plains*, 95 AD3d 1192 [2012]; *Toes v National Amusements, Inc.*, 94 AD3d 742 [2012]; *Harris v Debbie's Creative Child Care, Inc.*, 87 AD3d 615 [2011]).

Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.

The Supreme Court also properly denied that branch of the plaintiff's subsequent motion which was for leave to renew her opposition to the defendants' separate motions for summary judgment, as the plaintiff failed to set forth new facts which would change the court's prior determinations (*see* CPLR 2221 [e]). Mastro, J.P., Chambers, Hall and Lott, JJ., concur.