██ JOSEPH ROTH, an Infant, by His Parent and Natural Guardian, DOREEN ROTH, et al., Respondents, v CENTRAL ISLIP UNION FREE SCHOOL DISTRICT et al., Appellants, et al., Defendant. [43 NYS3d 525]—

In an action to recover damages for personal injuries, etc., the defendants Central Islip Union Free School District and Katharine Hicks appeal from an order of the Supreme Court, Suffolk County (Martin, J.), dated December 8, 2015, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The infant plaintiff, a seventh grade student at Ralph G. Reed Middle School, was allegedly injured during gym class when he fell to the gym floor and a fellow classmate fell on top of him. The infant plaintiff, by his mother, and his mother, individually, commenced this action to recover damages for personal injuries, etc., against, among others, the Central Islip Union Free School District and Katharine Hicks (hereinafter together the defendants), based on a claim of negligent supervision. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court denied the motion.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Rodriguez v Riverhead Cent. School Dist.*, 85 AD3d

1147 [2011]). Here, the defendants failed to demonstrate, prima facie, that they properly supervised the infant plaintiff or that their alleged negligent supervision was not a proximate cause of his injuries (*see Oliverio v Lawrence Pub. Schools*, 23 AD3d 633, 633-634 [2005]; *Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327, 328 [2004]). In support of their motion, the defendants submitted the infant plaintiff's deposition testimony in which he asserted that the student who fell on top of him had been running around the gym throwing basketballs at another student before he fell on the infant plaintiff, and that this behavior had been transpiring, unimpeded, for approximately 10 minutes before the accident. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion without regard to the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants' remaining contentions are without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.