O'Hanlon v Kids of Mount Sinai, LLC (2019 NY Slip Op 02349)





O'Hanlon v Kids of Mount Sinai, LLC


2019 NY Slip Op 02349


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2017-12631
 (Index No. 5474/15)

[*1]Cecilia O'Hanlon, etc., et al., appellants, 
v
Kids of Mount Sinai, LLC, respondent.


Christopher H. Thompson, West Islip, NY, for appellants.
Steven F. Goldstein, LLP, Carle Place, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated September 29, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On June 25, 2014, the infant plaintiff, born in 2011, was a student in the toddler class in the defendant's preschool. At approximately 9:30 a.m., the infant plaintiff fell inside her classroom and struck her chin against a wooden toy, which was about 2½ feet tall. At the time, there was one teacher supervising five children, including the infant plaintiff. Subsequently, the infant plaintiff, by her father and natural guardian, and her father suing derivatively, commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that it adequately supervised the infant plaintiff and that, in any event, its alleged inadequate supervision was not a proximate cause of the accident. The Supreme Court granted the motion. The plaintiffs appeal.
A provider of day care/preschool services has a duty to adequately supervise the children in its charge and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49-50; Lopez v D & D Day Care, Inc., 136 AD3d 986, 987; Gonzales v Munchkinland Child Care, LLC, 89 AD3d 987). However, like a school, a day care/preschool provider is not an insurer of the children's safety (see Lowe v Meacham Child Care & Learning Ctr,. Inc., 74 AD3d 1029; Kandkhorov v Pinkhasov, 302 AD2d 432). In general, the duty of a day care/preschool provider is to supervise the children in its care with the same degree of care as a parent of ordinary prudence would exercise in comparable circumstances (see Mirand v City of New York, 84 NY2d at 49; Douglas v John Hus Moravian Church of Brooklyn, Inc., 8 AD3d 327, 328). Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the day care/preschool is warranted (see Lowe v Meacham Child Care & Learning Ctr., Inc., 74 AD3d at 1029; Troiani v White Plains City School Dist., 64 AD3d 701, 702; Lopez v Freeport Union Free School Dist., 288 AD2d 355, 356; Convey v City of Rye School Dist., 271 AD2d 154, 160).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that it provided adequate supervision (see Lowe v Meacham Child Care & Learning Ctr., Inc., 74 AD3d at 1029-1030; Troiani v White Plains City School Dist., 64 AD3d at 702; Lopez v Freeport Union Free School Dist., 288 AD2d at 356), and that, in any event, the level of supervision was not a proximate cause of the infant plaintiff's accident (see Gomez v Our Lady of Fatima Church, 117 AD3d 987, 988; Lowe v Meacham Child Care & Learning Ctr., Inc., 74 AD3d at 1030; Troiani v White Plains City School Dist., 64 AD3d at 702; Lopez v Freeport Union Free School Dist., 288 AD2d at 356). In opposition, the plaintiffs failed to raise a triable issue of fact.
The contentions raised by the plaintiffs in Point IV of their brief are either not properly before this Court or without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court