Doe v Bronx Preparatory Charter Sch. (2021 NY Slip Op 02460)





Doe v Bronx Preparatory Charter Sch.


2021 NY Slip Op 02460


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Index No. 306670/14 Appeal No. 13656 Case No. 2020-04869 

[*1]Jane Doe, Plaintiff-Respondent,
v
The Bronx Preparatory Charter School, Defendant-Appellant, Democracy Prep Public Schools, Defendant. [And a Third-Party Action.]


Biedermann Hoenig Semprevivo, P.C., New York (Megan R. Siniscalchi of counsel), for appellant.
Segal & Lax, New York (Patrick Daniel Gatti of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about June 16, 2020, which, upon reargument, denied the motion of defendant Bronx Preparatory Charter School for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff, then a 15-year-old student, was allegedly sexually assaulted and raped in defendant school by third-party defendant, then a 19-year-old student at the school. Plaintiff testified that the rape was the culmination of several sexual assaults by third-party defendant in unlocked classrooms over a period of several months.
The court properly denied the school's motion for summary judgment based on testimony of the school's executive director that classroom doors should be locked when a teacher is not present in the room for the safety of students, and that prior to his tenure, there were numerous instances of students being alone in classrooms. The executive director also stated that he was informed by a staff member after the incident, that plaintiff and third-party defendant had a sexual encounter in an unlocked classroom prior to the rape. Plaintiff stated that the school was a "chaotic place" and third-party defendant had a reputation for violence and fighting at the school. The executive director stated that student files were poorly maintained prior to his tenure.
Schools have a duty to adequately supervise their students and are liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49 [1994]). Defendant school failed to present evidence demonstrating that as a matter of law the sexual assaults and rape were not foreseeable, or that the failure to lock classroom doors was not a proximate cause of plaintiff's injuries. Foreseeability and proximate cause are generally issues for the factfinder, and more than one conclusion may be drawn here regarding these issues based on the record (see Hain v Jamison, 28 NY3d 524, 529 [2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021