A.M. v New York City Dept. of Educ. (2023 NY Slip Op 00145)

A.M. v New York City Dept. of Educ.

2023 NY Slip Op 00145

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 157718/17 Appeal No. 17084 Case No. 2021-03494 

[*1]A.M. etc., et al., Plaintiffs-Respondents,
v
The New York City Department of Education, Defendant-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about January 23, 2020, which, to the extent appealed from, denied defendant Department of Education's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Infant plaintiff alleges that he was injured during a midday recess when another kindergarten student climbed up onto a playground apparatus, where children were not allowed to be, and then jumped off a pole and landed on him as he was running. The accident happened inside a fenced-in portion of the playground where running and jumping off the playground apparatus were not permitted. At the time of plaintiff's accident, a paraprofessional was inside the fenced-in area and was responsible for supervising a special education student. A teacher's aide was supervising the remaining area of the playground, in an open area where students were permitted to run. In contrast to the infant plaintiff, the paraprofessional testified that the accident occurred when the second student ran into infant plaintiff, who was also running in the fenced-in area.
Defendant failed to show that there are no triable issues as to whether the school provided adequate supervision of the students, or that a lack of adequate supervision was not a proximate cause of plaintiff's injuries (see Mirand v City of New York, 84 NY2d 44, 49-50 [1994]; Doe v Bronx Preparatory Charter Sch., 193 AD3d 591, 592 [1st Dept 2021]). The paraprofessional's testimony was inconsistent on the issue of whether, at the time of the accident, she was supervising only the special education student and the students interacting with that student, or whether she was charged with supervising all of the students in the fenced-in portion of the playground. Moreover, her testimony on how the accident occurred contradicted that of the infant plaintiff. Under these circumstances, there are issues of fact as to whether the school provided an adequate number of supervisors and as to the "quality of the attention devoted" by the supervisors to their responsibilities (Oliverio v Lawrence Pub. Schools, 23 AD3d 633, 634 [2d Dept 2005]; see SM v Plainedge Union Free Sch. Dist., 162 AD3d 814 [2d Dept 2018]; see also A.R. v City of New York, 171 AD3d 589 [1st Dept 2019]). In addition, defendant did not eliminate issues of fact as to whether adequate supervision could have prevented the
accident (see A.R. v City of New York, 171 AD3d at 590; Oliverio v Lawrence Pub. Schools, 23 AD3d at 634).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023