### MILLER v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. MUNICIPAL CORPORATIONS—REPAIR OF STREETS—NEGLIGENCE.
   Evidence of the existence of a hole seven inches deep in the paved roadway of a city street is sufficient to authorize a finding of negligence on the part of the city in permitting the hole to exist.

2. EVIDENCE—ESTIMATES OF WITNESSES.
   Witnesses may testify to the depth of a hole in a city street, although they estimated the depth by mere visual observation, instead of actually making mechanical measurements.
   [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2268.]

3. SAME—PHOTOGRAPH.
   In an action for injuries sustained by falling into a hole in a city street, a photograph of the hole, taken in October, is admissible in evidence, although the injury was sustained in the preceding April, where there is further testimony that the photograph correctly represents the hole in the condition in which it was on the day of the accident, except that it appeared then to have been deeper.
   [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1657.]

4. DAMAGES—PERSONAL INJURIES—AMOUNT OF VERDICT.
   In an action for injuries sustained by falling into a hole in a city street, evidence that plaintiff had sustained a fracture of her ankle, together with other evidence of suffering and the showing of other effects of the injury, was sufficient to support a verdict for $2,500.

Appeal from Trial Term, Kings County.

Action by Minnie Miller against the city of New York and another. From a judgment for plaintiff and from an order denying a new trial, defendant city appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and MILLER, JJ.

Edward H. Wilson (James D. Bell, with him, on the brief), for appellant.

Henry A. Powell, for respondent.

WILLARD BARTLETT, J. In this action the plaintiff has recovered a verdict of $2,500 damages for injuries sustained by stepping into a hole in the paved roadway of a city street in the borough of Brooklyn just after she had alighted from an electric car in the nighttime. It is argued that the hole was not of such a char-

acter as to make its permitted existence negligence on the part of the municipality, under the authority of Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944. In that case it was held as a matter of law that a municipal corporation was not chargeable with negligence for permitting the existence in a flagged sidewalk of a rounded depression about four inches deep. Evidently having that decision in mind, the learned trial judge in the case at bar expressly charged the jury as a matter of law that if this was not a hole six, seven, or eight inches deep, as stated by the witnesses on the part of the plaintiff, but was a saucer-shaped depression, not over four inches in depth at its lowest point, the defendant would not be liable. The proof clearly justified a finding that the hole was seven inches deep, and it cannot fairly be held that the conclusion which the jury must have reached to that effect was against the weight of evidence. The plaintiff herself testified that her leg was injured seven or eight inches above the ankle, and that the bruises on that part of the limb were caused by the edge of the stone. There was testimony from another witness to the effect that the hole was seven inches in depth, and from others that its depth exceeded five inches.

None of the exceptions to which our attention is called by counsel for the appellant points to any error on the part of the trial court. The fact that witnesses merely estimated the depth of the hole by visual observation, instead of actually making mechanical measurements, while it affected the weight to be given to their testimony by the jury, did not render such testimony incompetent. The objection to the photograph which was admitted in evidence that it represented the condition of the hole in October, 1902, instead of in April, 1902, the time of the accident, was rendered ineffectual by proof that it correctly represented the hole in the condition in which it was on the day of the accident, with the qualification that it then appeared to have been deeper than shown in the picture.

In view of the fact that the plaintiff sustained a fracture of her ankle, and in the light of all the evidence in the case as to her suffering, and the other effects of the injury, we are unable to pronounce the verdict excessive under the circumstances. The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.