Van Voorhis, J.
The order should be reversed and a new trial granted, with costs to abide the event, upon the ground that the exclusion from the evidence of photographs offered by defendant-appellant constituted reversible error. A sufficient foundation was laid for the introduction of exhibit B for identification in the testimony of the witness, James Maiella, who testified that it correctly showed the condition of the pavement at the time of the accident on May 28, 1958, at the place where plaintiff’s witness, Tozzeo, testified that there was a hole which was alleged to have thrown defendant Platt’s automobile out of control. A sufficient foundation was likewise laid for the introduction of exhibit B for identification and the other photographs testified by the witness, Richard A. Harlin, as having been taken by him of the pavement at the place of the accident on March 11 and April 9, 1958, as bearing upon the credibility of the witness, Tozzeo, who testified that the alleged hole in question was cut into the pavement at the location shown in the photographs in February, 1958 and remained unpaved to and including the time of the accident.
It did not impair the admissibility of these photographs that they showed the building abutting the street at a different stage *477 of completion from the time of the accident, or the presence of rubbish or other debris on the sidewalk, if, as was testified by several witnesses, they correctly showed the condition of the pavement 15 feet out into the street from the curbstone, where Tozzeo testified the hole was. Any changes in the condition of the terrain which do not affect important issues in the litigation do not impair admissibility, and under such circumstances the photographs should be received in evidence and the differences explained (Miller v. City of New York, 104 App. Div. 33, 35; 3 Wigmore, Evidence [3d ed.], § 792, p. 185). The variances between the conditions shown in these photographs and the appearance of the building or sidewalk at the time of the accident involve none of the prejudicial effects in situations where, for example, photographs are offered showing safety precautions taken after the happening of an accident implying admissions of lack of care before the accident (Cahill v. Kleinberg, 233 N. Y. 255, 260). Neither does it affect admissibility, either as tending to impeach the testimony of Tozzeo or, as in the case of exhibit B for identification, in showing the condition of the pavement at the time of the accident, that other witnesses than those testifying to the veracity of the photographs disputed that they correctly portrayed the surface of the street. Such conflicts in the evidence were for the trier of the fact to resolve.
Judges Fuld, Burke, Scileppi and Bergan concur with Judge Van Voorhis; Chief Judge Desmond and Judge Dye dissent and vote to affirm in the following memorandum: The testimony as to whether exhibit B was an accurate photograph of the particular locus of the accident was so confused and contradictory that the Trial Judge had discretionary power to exclude it, and such a determination should be left with him and not reviewed by us (3 Wigmore, Evidence [3d ed.], § 794; and see, generally, Richardson, Evidence [9th ed.], § 117, and Roberge v. Winne, 144 N. Y. 709, 715). Furthermore, even if the exclusion was error it was, because of the cumulative nature of the photograph as proof, not so prejudicial as to require that the case be retried.
Order reversed and a neiv trial granted, with costs to abide the event.