(July 21, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS HOKE, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered March 11, 1981, upon a verdict convicting defendant of the crime of attempted robbery in the first degree. On October 31, 1980, at approximately 11:40 A.M., a young male attempted to steal a purse from Noreen Golembieski as she climbed the porch stairs at 311 Livingston Avenue, Albany. At the time, Mrs. Golembieski was returning from St. Casimir's School with her two daughters, Laura, age two and one half, and Jody, age five, and Jody's classmate, Heather Moliter. When Mrs. Golembieski reached the top step, the attacker grabbed her purse and tugged at it for "a couple of minutes". Mrs. Golembieski at this time turned to look at the youth and when she did not let go of her purse, the attacker pulled her down the stairs and dragged her to the curb. She again looked at her attacker, face to face. Eventually, the youth ran off without taking the purse. At the ensuing trial, Mrs. Golembieski gave a detailed description of the person who attacked her as he appeared at the time of the crime. She identified defendant as the one who tried to rob her. Jody, as an eyewitness to the attempted robbery, was also called to testify. After the trial court conducted a *voir dire* to determine her competency as a witness, it allowed her to testify unsworn. Defendant was found guilty of attempted robbery in the first degree and this appeal ensued. Defendant contends there are several grounds to support a reversal of his conviction. However, we need only consider the argument that the trial court's charge, regarding defendant's alibi defense, constituted reversible error. This court recently found the same language used by the same Trial Judge on the same issue under very similar circumstances to imply that the defendant bears some burden of proof on the alibi, and is, thus, contrary to law (*People v Landor,* 92 AD2d 625). This court's view of the proper charge in an identity/alibi case, as articulated in *Landor,* has been considered favorably by the Court of Appeals (see *People v Whalen,* 59 NY2d 273). Accordingly, under the circumstances, there should be a reversal and a new trial. Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.