■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN G. COLEMAN, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered June 17, 1981, upon a verdict convicting defendant of the crime of robbery in the third degree. Defendant was indicted for the crime of robbery in the second degree. The indictment charged that he forcibly stole property, including a pocketbook, from Joyce Martino on or about November 1, 1980 by use of physical force which caused physical injury. Martino testified at trial that at about 10:00 P.M. on the above-mentioned date, she was approached as she was walking on a sidewalk by a black man who, after a struggle, threw her down and ran off with her pocketbook. Martino had an opportunity to view him as he approached her and during the struggle, when his face was about one foot from her face for about 15 to 20 seconds. The scene was illuminated by a street light. She described her assailant to police as a six-foot tall black man with a medium build and a mustache, wearing maroon pants, a dark wind-breaker and a dark knit hat. She also described the money she had in her purse at the time as $18. A $10 bill was on the inside with eight $1 bills rolled around it. Two young men came upon the scene as defendant was fleeing and gave chase. William Hughes testified that he chased defendant to a red Volkswagen car which defendant entered. Hughes looked into the window of the driver's side of the car at defendant as defendant attempted to maneuver the car out of its parking space. A street light directly above the car allowed Hughes to clearly see defendant. Hughes said he was eye-to-eye with defendant for about 6 to 10 seconds. Hughes also observed the license number of the car as it started to drive off as 787-JFA. It was the same car in which defendant was later apprehended. As defendant was being booked, an officer removed a roll of bills from one of his pockets totaling $18. A $10 bill was on the inside of the roll with eight $1 bills around it. Defendant took the stand and offered a "mistaken identification" defense, claiming to be at and near an Albany bar at the time attempting to purchase marihuana. He said that at 8:00 P.M., he gave $150 and loaned his girlfriend's red Volkswagen car to a man named "Gary Lasson or Lazarus", whom he did not know, upon the promise that the man would return with marihuana. The man returned with the car shortly after 10:10 P.M. He gave $18 back to defendant but no marihuana. Defendant then drove off with "Gary" and stopped at a park where he allegedly beat up "Gary" and left him lying on the ground. Defendant next drove home, changed his clothes, obtained some money from his girlfriend and drove off again in the same red Volks-wagen. The police spotted the red Volkswagen and a chase ensued which resulted in a collision between the Volkswagen and a detective's car and the arrest of defendant. Charles Welcome, who left the bar at about 10:00 P.M., confirmed defendant's presence there until that time. He identified "Gary" as Ronald Ross. Leon Coles also testified to defendant's presence at the bar. Defendant's wife, who at the time of the incident was his girlfriend, testified that defendant telephoned her at 10:05 P.M. The two male witnesses had prior criminal records. The jury found defendant guilty of robbery in the third degree, which had been submitted as a lesser included offense of robbery in the second degree. A hearing was held and defendant was sentenced as a persistent felony offender to a term of imprisonment of from 25 years to life. This appeal followed. Defendant urges that his conviction should be reversed on several grounds. We find his arguments unpersuasive and conclude that the judgment of conviction should be affirmed. Defendant first argues that the trial court's alibi instruction, to the extent it may be viewed as placing the burden of proof with respect to the alibi on defendant, deprived him of due

process and warrants a reversal despite his failure to request a different charge or except to the charge as given (see *People v Patterson,* 39 NY2d 288, 296, affd *sub nom. Patterson v New York,* 432 US 197). It also appears that the trial court gave virtually the same alibi instruction that this court has twice held to be contrary to law in that it implies that defendant bears some burden of proof on the alibi (*People v Hoke,* 96 AD2d 644; *People v Landor,* 92 AD2d 625). However, the Court of Appeals has asserted that: "when a court's specific instructions on the burden of proof properly place the burden on the People, a claim that a portion of the charge could, in the particular case, be interpreted as having a contrary effect, does not come within the narrow exception to the rule that objections to the charge must be made at trial where the potential error can be corrected or avoided" (*People v Thomas,* 50 NY2d 467, 472 [citations omitted]). In *People v Whalen* (59 NY2d 273, 279-280), the Court of Appeals ruled that the defendant had failed to preserve for review the question of whether the trial court's alibi instruction, which could be perceived as shifting the burden of proof, was erroneous. Thus, we may not review the instant claimed error unless we do so in the exercise of this court's discretion to reverse in the interest of justice (CPL 470.15). Considering the entire record, we do not find that this case warrants the exercise of that discretion. Defendant next contends that the trial court improperly determined that there was an independent basis for the witnesses' in-court identification. Here, the People proved by clear and convincing evidence that the victim and witness Hughes each had ample opportunity to view defendant and form an independent recollection of his appearance, free from the unnecessarily suggestive showup (see *People v Adams,* 53 NY2d 241; *People v Rahming,* 26 NY2d 411, 417; see, also, *People v Malloy,* 55 NY2d 296). The trial court's conclusion that sufficient independent basis for the in-court identification existed was supported by the evidence at the suppression hearing. Defendant also argues that the trial court improperly failed to instruct the jury regarding the standard by which the identification testimony should be evaluated. Although encouraging trial courts "to exercise their discretion by giving a more detailed identification charge when appropriate", the Court of Appeals has held that a charge that identification must be proved beyond a reasonable doubt is adequate (*People v Whalen, supra,* p 279). The charge on identification testimony in the case at bar was minimal but sufficient. As detailed above, there was ample proof to sustain the verdict of the jury. Defendant's contention that the evidence was insufficient for that purpose is not persuasive. We have examined defendant's other arguments for reversal and also find them unpersuasive. Judgment affirmed. Kane, Mikoll and Yesawich, Jr., JJ., concur.

Sweeney, J. P., and Main, J., dissent and vote to reverse in the following memorandum by Main, J. Main, J. (dissenting). We respectfully dissent. Almost identical language, used by the same Trial Judge on two separate occasions, has been recently disapproved by this court in *People v Hoke* (96 AD2d 644) and in *People v Landor* (92 AD2d 625), where we held that the instruction given implied that the defendant bears some burden of proof on the alibi and that the implication is not dispelled by a general instruction that the People have to prove the defendant's guilt beyond a reasonable doubt (*id.,* at p 626). We, of course, are not unaware of the authorities, cited by the majority, which indicate that the defendant's failure to request a corrected charge or to except to the erroneous portion precludes our review. However, under the circumstances prevailing here, given the importance of the alibi and identification issues together with the erroneous alibi instruction and the minimal instruction on identification, the error rises to such a magnitude or level as to require us to exercise the discretion entrusted to us (CPL 470.15, subd 6). Moreover, to the extent that the charge may be viewed as placing a burden of

proof upon defendant with respect to the alibi, as twice found by this court, it may be fairly viewed as a clear deprivation of due process and such an error, on a fundamental principle of law, requires a reversal and a new trial.