■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUVENCIO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered January 3, 1985, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was apprehended after he and another fired shots into a store occupied by the complainant and others. The complainant was hit in his arm by one of the shots. During the trial, the prosecution introduced photographs taken of the front of the building sometime after the shooting took place. The defendant objected to their introduction because the photographs were not taken at the time of the incident and a proper foundation was not laid for their introduction into evidence. The court cautioned the jury that they were being

admitted for the purpose of showing the appearance of the front of the building at the time the photographs were taken. The photographs did not have bearing on the issue of whether the defendant was one of the persons who fired a gun into the store. They merely showed the present appearance of the store. Even if it was error to admit the photographs into evidence, under such circumstances, they did not prejudice the defendant and the error does not warrant reversal *(see, Saporito v City of New York,* 14 NY2d 474, 477).

The defendant also contends that there were errors committed during the prosecutor's cross-examination of him and in summation. Since none of the remarks was objected to during the trial, the defendant's claims were not preserved for appellate review *(see, People v Lee,* 114 AD2d 522). Moreover, in view of the overwhelming evidence of guilt, we find no basis in the record for reversal in the interest of justice *(see, People v Coleman,* 98 AD2d 942). Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.