■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL McMURRAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered August 8, 1988, convicting him of robbery in the first degree, criminal possession of stolen property in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dema-

kos, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of the identification testimony of the complainant. The record reveals that the police recovered a duffle bag, containing at least two personal photographs of the defendant, near the crime scene. Within 10 to 15 minutes after the robbery, the complainant viewed these two photographs and identified the defendant as her assailant. Since this photographic identification occurred soon after and in close proximity to the event, while the complainant's memory was fresh, it was not unduly suggestive (see, People v Johnson, 137 AD2d 719, 720; see also, People v Love, 57 NY2d 1023). Moreover, we note that the People established by clear and convincing evidence that there was an independent source for the complainant's in-court identification of the defendant (see, Neil v Biggers, 409 US 188, 199-200). The complainant was able to observe the defendant during the commission of the crime and was able to convey a detailed and accurate description to the police immediately following the event (see, People v McMoore, 26 NY2d 331; People v Coleman, 98 AD2d 942).

The trial court properly refused to deliver a missing witness charge for one of the two security guards at the scene of the crime since the guard's testimony would have been cumulative to the other evidence adduced at trial (see, People v Gonzalez, 68 NY2d 424, 427).

We have reviewed the defendant's remaining contentions, including the issue raised in his supplemental pro se brief concerning the chain of custody of the physical evidence, and find them to be without merit (see generally, People v Donovan, 141 AD2d 835, 836-837). Eiber, J. P., Rosenblatt, Miller and Ritter, JJ., concur.