■ GENERAL ELECTRIC COMPANY, Respondent, v ZVI RABIN, Individually and Doing Business as INTER-AMERICA MARKETING SYSTEMS, INC., et al., Appellants, and GENERAL ELECTRIC PLASTICS STRUCTURED PRODUCTS EUROPE, B.V., et al., Counterclaim Defendants-Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 6, 1991, which quashed a subpoena served upon Glen Hiner, an employee of plaintiff-respondent, unanimously reversed, on the law, and the motion to quash denied, without costs.

The question on this appeal concerns the validity of a subpoena issued in the context of a hearing on whether there is personal jurisdiction over the counterclaim defendants. On a prior appeal in this action (177 AD2d 354), we, *inter alia,* modified an order of the IAS court which had held discovery in abeyance pending the outcome of the hearing on jurisdiction and, instead, found that discovery relevant to the issue of jurisdiction could proceed.

Personal jurisdiction over the counterclaim defendants is sought to be posited on the ground that these foreign corporate entities, which are subsidiaries of plaintiff General Electric Company, a corporation doing business in the State of New York, are so completely controlled by plaintiff as to be no more than its departments (see, *Delagi v Volkswagenwerk AG*, 29 NY2d 426, 432). Defendants-appellants served a subpoena upon Glen Hiner, a vice-president of plaintiff, seeking both his testimony and the production of various documents, which, they claim, are relevant to the issue of the extent of control plaintiff exercises over the named subsidiaries.

A subpoena will be quashed, *inter alia,* where the material requested is utterly irrelevant to any proper inquiry (*Matter of La Belle Creole Intl. v Attorney-Gen. of State of N. Y.,* 10 NY2d 192, 196). In this case, we find that the counterclaim defendants have failed to refute the relevance of the testimony and documents to the issue at hand, i.e., the dominance of plaintiff General Electric Company over the named subsidiaries. The only attempt to demonstrate lack of relevance is the conclusory affidavit submitted by Mr. Hiner that he has "no personal knowledge that [the named subsidiaries] are present or transact business in New York." This is patently insufficient in light of defendants-appellants' factual showing that the documents in question, as well as Mr. Hiner's personal testimony, are relevant to the issue of the extent of control which is exercised over the subsidiaries by plaintiff, the basis upon which defendants-appellants seek to establish jurisdiction. While the counterclaim defendants point out that certain of the documents subject to the subpoena have previously been the subject of attempts to compel discovery in the underlying action on the counterclaims, which discovery has been held in abeyance, this on its own does not establish that these documents are not relevant to the matter at hand. The counterclaim defendants have made no claims that the subpoena is overly broad or that any particular documents are irrelevant to the jurisdictional issue and instead have chosen to oppose the subpoena *in toto.* Concur—Murphy, P. J., Carro, Ellerin, Kassal and Rubin, JJ.