■ ELINOR TOLBERT et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and CITY OF NEW YORK, Respondent. [683 NYS2d 498] —Order, Supreme Court, New York County (Louis York, J.), entered on or about January 8, 1998, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The motion was properly denied on the ground that triable issues of fact exist bearing upon whether defendants breached their duty to provide plaintiff with a safe place to alight, including whether defendants knew or should have known of the street pothole that allegedly caused plaintiff to trip and fall (*see, Blye v Manhattan & Bronx Surface Tr. Operating Auth.,* 124 AD2d 106, 109, *affd* 72 NY2d 888), and whether vehicular and pedestrian traffic blocked any safe alternative path around the pothole to the curb (*see, supra,* at 110-111, comparing, *inter alia, Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth.,* 117 AD2d 541, *lv denied* 68 NY2d 602, with *Keener v Tilton,* 283 NY 454). We note that defendants' claim that plaintiff negotiated her own path is supported only by their attorney's affirmation. Concur—Nardelli, J. P., Wallach, Rubin and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE REYES, Appellant. [683 NYS2d 424] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered December 9, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of $17\frac{1}{2}$ years to life and 1 year, respectively, unanimously affirmed.

Defendant's complaints concerning the court's charge are unpreserved for appellate review and we decline to review them in the interest of justice. Were we to review these claims, we would find that the charge, as a whole, conveyed the correct standards to the jury, and that defendant was not prejudiced by the absence of a circumstantial evidence charge. Concur—Nardelli, J. P., Wallach, Rubin and Williams, JJ.