■ LESHAI RYALS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. [914 NYS2d 117]—

Judgment, Supreme Court, Bronx County (Patricia A. Williams, J.), entered June 29, 2009, awarding plaintiff damages, and bringing up for review a trial ruling, same court and Justice, rendered on or about March 23, 2009, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for a directed verdict, unanimously reversed, on the law, without costs, the judgment vacated, the motion denied, and the matter remanded for a new trial on the issue of liability.

Viewing the evidence in the light most favorable to defendants, a rational jury could have found in favor of defendants on the issue of liability (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Sweeney v Bruckner Plaza Assoc.*, 57 AD3d 347, 349 [2008], *appeal dismissed* 12 NY3d 832 [2009]). That the bus stop was located directly in front of the supermarket and was occupied by an 18-wheeler delivery truck at the time of the accident was undisputed. In light of the conflicting testimony concerning the length and condition of the area in front of the bus stop, testimony that supermarket employees cleared a passageway only in front of the supermarket, and testimony that standard procedures required the bus driver to let passengers off at the safest alternative location, we conclude that a rational jury could have found that the driver dropped off passengers at the safest location under the circumstances. That the bus stopped 10 to 15 feet from the curb was of no moment, as the 40-foot long bus could not have safely pulled into the area behind the truck, which plaintiff testified was only about 30 to 40 feet in length. Testimony concerning the existence of black ice also does not establish negligence as a matter of law, as a rational jury could have concluded that the bus driver did not notice the black ice from inside the bus (*see Tolbert v New York City Tr. Auth.*, 256 AD2d 171 [1998]).

We note that the better practice for trial judges is to obtain a

jury verdict and then decide, if appropriate, to direct a verdict. If upon appellate review, the directed verdict is reversed, a jury finding is still available for implementation. Concur—Andrias, J.P., Saxe, Moskowitz, Acosta and Freedman, JJ.