■ Francisca Brito, Respondent, v Stratford Five Realty, LLC, Respondent, and Triumph Construction Corp., Appellant, et al., Defendants. [987 NYS2d 380]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered December 27, 2012, which, to the extent appealed from, denied the motion of defendant Triumph Construction Corp. (Triumph) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff was injured in March 2009 when she allegedly fell on uneven, broken sidewalk. It is undisputed that defendant Triumph had performed work at the subject intersection starting in September 2008. Contrary to Triumph's contention that it had not performed any work on the sidewalk at the northwest corner where plaintiff fell, its daily work report for September 4, 2008 includes a sketch suggesting the northwest sidewalk as an area of work. Furthermore, beginning in January 2009, Triumph excavated an area adjacent to where plaintiff fell using a backhoe, van, compressor, and 10-wheel dump truck. Although Triumph argues that this work did not encroach on the sidewalk where plaintiff fell, the work area was in sufficient proximity to

the fall as to create a triable issue of fact as to whether such work created the sidewalk condition on which plaintiff fell (*see McNeill v LaSalle Partners*, 52 AD3d 407, 411 [1st Dept 2008]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Freedman and Kapnick, JJ.