■ MARIA ALCANTARA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [34 NYS3d 103]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Velasquez, J.), dated March 20, 2014, which, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and upon a separate jury verdict on the issue of damages awarding the plaintiff $5,000,000 for past pain and suffering and $11,000,000 for future pain and suffering for period of 16 years, is in favor of the plaintiff and against it in the principal sum of $16,000,000.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages only, unless, within 30 days after service upon the plaintiff of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the amount of damages for past pain and suffering from the principal sum of $5,000,000 to the principal sum of $2,000,000, and future pain and suffering from the principal sum of $11,000,000 to the principal sum of $3,000,000, and to the entry of an amended judgment accordingly and in conformance with CPLR 5041; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On December 12, 2008, the plaintiff was injured when she fell down the stairs at the Graham Avenue subway station as a result of an allegedly defective concrete landing at the top of the stairs. As a result of the fall, the plaintiff allegedly sustained, among other things, a comminuted left acetabular fracture, traumatic brain injury, and post-traumatic seizure disorder. The plaintiff commenced this action against the de-

fendant to recover damages for personal injuries. After a trial on the issue of liability, the jury found the defendant 100% liable for the plaintiff's injuries. After a trial on the issue of damages, the jury awarded the 69-year-old plaintiff the principal sums of $5,000,000 for past pain and suffering and $11,000,000 for future pain and suffering over a period of 16 years. The defendant appeals from the judgment.

Contrary to the defendant's contention, photographs of the subway platform landing were properly admitted into evidence, since the jury could infer from the irregularity, width, depth, and appearance of the defect exhibited in the photographs that the condition had existed for a sufficient length of time such that the defendant should have been aware of it in the exercise of reasonable care (*see Taylor v New York City Tr. Auth.*, 48 NY2d 903, 904 [1979]; *Ferlito v Great S. Bay Assoc.*, 140 AD2d 408, 409 [1988]). There was testimony that the photographs were taken shortly after the accident (*see Rivera v New York City Tr. Auth.*, 22 AD3d 554, 555 [2005]; *Davis v County of Nassau*, 166 AD2d 498, 499 [1990]), and that the photographs fairly and accurately depicted the location and area where the plaintiff fell, notwithstanding that white cement depicted in the photographs had not been present at the time of the plaintiff's fall (*see Miller v City of New York*, 104 App Div 33, 35 [1905]). Eyewitness testimony indicated that the condition of the area was worse than what was portrayed in the photographs since, on the day of the accident, there was a hole in the concrete (*see id.* at 35). The defendant's argument that the photographs should not have been admitted because they improperly depicted post-accident repairs has been raised for the first time on appeal and is not properly before this Court (*see Capobianco v Marchese*, 125 AD3d 914, 917 [2015]; *Perez v City of New York*, 104 AD3d 661, 662 [2013]; *Marinkovic v IPC Intl. of Ill.*, 95 AD3d 839, 839 [2012]).

However, to the extent indicated herein, the damages awarded for past and future pain and suffering deviated materially from what would be reasonable under the circumstances (*see* CPLR 5501 [c]; *Turturro v City of New York*, 127 AD3d 732, 739 [2015], *lv granted* 26 NY3d 908 [2015]; *Bergamo v Verizon N.Y., Inc.*, 95 AD3d 916, 917 [2012]; *Belt v Girgis*, 82 AD3d 1028, 1029 [2011]). Moreover, the Supreme Court erred in failing to structure the judgment of future damages awarded to the plaintiff (*see* CPLR 5041 [b], [e]). Thus, the amended judgment pursuant to written stipulation or after a new trial on damages as provided for herein must be structured in conformance with CPLR 5041. Balkin, J.P., Hall, Miller and LaSalle, JJ., concur.