■ MYLES GONZALEZ, Appellant, v CITY OF NEW YORK, Respondent/Third-Party Plaintiff-Respondent. HALCYON CONSTRUCTION CORP., Third-Party Defendant-Respondent. [58 NYS3d 331]—

Judgment, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered July 17, 2015, in favor of defendant and third-party defendant, unamimously reversed, on the law, without costs, plaintiff's motion to set aside an order that had granted the motion of defendant the City of New York and third-party defendant Halcyon Construction Corp. for a directed verdict granted, the judgment vacated, the complaint and third-party complaint reinstated, and the matter remitted for a new trial. Appeal from order, same court and Justice, entered June 22, 2015, which denied plaintiff's motion to set aside the court's decision granting the City's motion for a directed verdict, unanimously dismissed, without costs, as academic.

In this personal injury action, plaintiff alleged that he was on foot, crossing the east side of Mansion Street at its intersection with St. Lawrence Avenue in the Bronx, when he fell into a sinkhole. Plaintiff's theory of the case was that the City and its pavement restoration contractor, third-party defendant Halcyon Construction Corp., performed work that resulted in the creation of the sinkhole in which plaintiff fell.

According to plaintiff, the area inside the sinkhole was mushy and wet. The evidence at trial showed that two weeks earlier, a water main in the northwest corner of the intersection had burst. The City's Department of Environmental Protection repaired the water main; approximately one week later, Halcyon backfilled the hole and repaved the intersection.

The court precluded plaintiff from introducing into evidence photographs of the sinkhole, taken two weeks after the alleged accident, finding that they did not fairly and accurately depict the way the accident site looked on the date of the alleged accident. Further, plaintiff sought to introduce highway specifications that the City had created and published through the Department of Transportation, arguing that introduction into evidence was proper because the specifications were incorporated into the contract between the City and Halcyon. The court, however, precluded plaintiff from introducing the specifications. In so doing, the court found that plaintiff failed to demonstrate that the specifications were not inadmissible "internal rules," which would improperly create a standard of care higher than the one imposed by the common law. The court also would not permit plaintiff to have the specifications marked as a court exhibit.

Further, at trial, the court quashed two of plaintiff's subpoenas, the first issued to a Halcyon employee, who, according to plaintiff, was to offer testimony concerning Halcyon's contract with the City—specifically, that the contract renewed itself, and thus, that an earlier contract was the same as the contract in effect at the time of plaintiff's alleged accident. The other subpoena was issued to a City inspector, who purportedly was to testify about his first-hand observations of Halcyon's repairs to the site. In refusing to permit plaintiff to call those two witnesses, the trial court found that plaintiff was attempting to engage in post note of issue discovery.

After plaintiff rested his case, the City and Halcyon moved separately for directed verdicts. The court granted the City's motion, and, although plaintiff had no direct claims against Halcyon, also granted Halcyon a directed verdict. In so doing, the court found insufficient evidence that defendants affirmatively created the condition. At any rate, the court found, even assuming for the sake of argument that there had been nonfeasance in making the repairs, that nonfeasance did not rise to the level of satisfying plaintiff's burden. The City did not object to the directed verdict in Halcyon's favor, and thus, its third-party complaint against Halcyon was effectively dismissed in accordance with the judgment.

Plaintiff then moved for an order setting aside the decision granting defendants' motion for a directed verdict. Among other things, plaintiff argued that the court wrongfully precluded him from moving the specifications into evidence, annexing to the motion the specifications that the trial court refused to mark as a court exhibit. The trial court denied plaintiff's motion on the ground that plaintiff failed to annex the transcript of his trial testimony, without which the court could not meaningfully review the evidentiary issues raised in the motion. The court further found that the specifications were inadmissible internal rules.

The trial court erred in granting defendants' motions for a directed verdict, as there was evidence sufficient to support a reasonable jury's finding that the City and Halcyon were affirmatively negligent in failing to properly maintain the street in a safe condition or in creating the sinkhole into which plaintiff allegedly fell, or both (see Ryals v New York City Tr. Auth., 79 AD3d 597 [1st Dept 2010]; see also Brito v Stratford Five Realty, LLC, 118 AD3d 472 [1st Dept 2014]).

To begin, the trial court erred in precluding pictures of the accident site (see Saporito v City of New York, 14 NY2d 474, 476-477 [1964]). Plaintiff authenticated the photographs at his

deposition, and further testimony at trial could have explained how and why the scene depicted in the photos did or did not differed from the scene on the day of the accident (*see Saporito*, 14 NY2d at 476-477). Exclusion of the photographs meant that plaintiff was unable to show the jury the hole into which he allegedly fell.

Nor should the court have precluded the City's specifications incorporated into its contract with Halcyon. The specifications were expressly incorporated into the contract between Halcyon and the City; thus, they applied not only to the City itself, but also to third parties. Therefore, they were admissible as potential evidence of defendants' negligence (*see generally Diaz v Vasques*, 17 AD3d 134 [1st Dept 2005], *lv denied* 5 NY3d 706 [2005]), and indeed, the City failed to show how the specifications transcended the duty of reasonable care. The trial court's exclusion of this evidence regarding the specifications hobbled plaintiff's ability to prove that the City had engaged in affirmative negligence—the very basis upon which the trial court granted the directed verdict.

Likewise, the court erred in quashing the subpoenas directed to the City's onsite inspector and a principal of Halcyon (*General Elec. Co. v Rabin*, 184 AD2d 391, 392 [1st Dept 1992]). Although plaintiff did not formally name the City's onsite inspector and the principal of Halcyon as witnesses, nothing in the CPLR requires a party to generate a trial witness list, nor does the record indicate that the individual court rules required him to do so (*see Hunter v Tryzbinski*, 278 AD2d 844 [4th Dept 2000]). Indeed, there is no requirement that a party depose a witness in order to call him or her as a witness at trial.

Taken together, these errors warrant reversal, as they deprived plaintiff of the opportunity to prove that the City or Halcyon, or both, were affirmatively negligent.

In light of our decision, we need not consider the parties' remaining contentions. Concur—Sweeny, J.P., Mazzarelli, Moskowitz and Kahn, JJ.