In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Tarantino, Jr., J.), entered June 30, 2016, which, upon a jury verdict, is in favor of the defendant CSC Holdings, Inc., and against her, in effect, dismissing the complaint insofar as asserted against that defendant.
 

 Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated insofar as asserted against the defendant CSC Holdings, Inc., and the matter is remitted to the Supreme Court, Suffolk County, for a new trial.
 

 The plaintiff commenced this action to recover damages for injuries she allegedly sustained in a trip and fall on an uneven sidewalk condition on premises possessed by the defendant CSC Holdings, Inc. (hereinafter CSC). The case proceeded to a trial against CSC, at which the plaintiff attempted to introduce into evidence photographs of the area where she fell, but the Supreme Court refused to admit them into evidence on the ground that the plaintiff did not lay a proper foundation for their admission. The jury ultimately returned a verdict in favor of CSC, and the plaintiff appeals from the ensuing judgment.
 

 In order to admit the photographs proffered at trial into evidence, the plaintiff was required to authenticate them by laying a proper foundation, which generally requires proof that the photographs were taken close in time to the accident and fairly and accurately represent the conditions as they existed on the date of the accident (see Saporito v City of New York, 14 NY2d 474, 476 [1964]). Contrary to the determination of the Supreme Court, the plaintiff properly authenticated the photographs by testifying that she took them a few days after the accident, and that they fairly and accurately depicted the area where she fell at the time of her accident. Thus, the court erred in refusing to admit them into evidence (see Alcantara v New York City Tr. Auth., 140 AD3d 808, 809 [2016]; Villaurel v City of New York, 59 AD3d 709, 711 [2009]; Atkins v Francesca Realty Assoc., 238 AD2d 457 [1997]; Davis v County of Nassau, 166 AD2d 498, 499 [1990]; Ferlito v Great S. Bay Assoc., 140 AD2d 408 [1988]). Contrary to the contention of CSC, this error was not harmless, since the photographs were illustrative of the plaintiffs trial testimony and were highly relevant to the issues of constructive notice and trivial defect that were raised at trial (see generally Pitt v New York City Tr. Auth., 146 AD3d 826, 828 [2017]; Alcantara v New York City Tr. Auth., 140 AD3d at 809; Bolloli v Waldbaum, Inc., 71 AD3d 618, 620 [2010]; DeGruccio v 863 Jericho Turnpike Corp., 1 AD3d 472, 473 [2003]; Ferlito v Great S. Bay Assoc., 140 AD2d at 409). Accordingly, a new trial must be held.
 

 In view of the foregoing, we do not reach the plaintiff’s remaining contention.
 

 Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.