Cosme v City of New York (2024 NY Slip Op 00264)

Cosme v City of New York

2024 NY Slip Op 00264

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 30370/17 Appeal No. 1412 Case No. 2022-05732 

[*1]Jesus F. Cosme, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents. Consolidated Edison Company of New York Inc., et al., Defendants.

Harris, Keenan & Goldfarb, PLLC, New York (Mariel Crippen and Judith Stempler of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Janet L. Zaleon of counsel), for The City of New York, respondent.
London Fischer LLP, New York (Sean Hughes of counsel), for Welsbach Electric Corp., respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Danielle Tauber of counsel), for Nico Asphalt Paving Inc., respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered June 23, 2022, which granted the motion of defendant Nico Asphalt Inc. and the cross-motion of defendant Welsbach Electric Corp. for summary judgment dismissing the complaint and cross-claims as against them, unanimously reversed, on the law, without costs, and Nico Asphalt Inc. and Welsbach's motion and cross-motion denied.
Welsbach, an electrical contractor, contracted with defendant City of New York to install underground conduits for traffic lights at East 161st Street and Sheridan Avenue in the Bronx, and Welsbach performed the installation work in May and June 2016, which included cutting into the roadway adjacent to a pothole in the crosswalk. Welsbach completed its work on June 1, 2016. Nico, Welsbach's subcontractor, restored the roadway in October 2016, using a three-ton vibratory roller in the area. Nico completed its work on October 24, 2016. On November 16, 2016, plaintiff was injured when he stepped into the pothole in the crosswalk as he was crossing the street at East 161st Street and Sheridan Avenue.
Summary judgment should have been denied to both defendants Nico Asphalt Inc. and Welsbach Electric Corp. as neither defendant met its burden to eliminate triable issues of fact. The Google Maps images submitted by defendants to establish the pothole's existence prior to each defendant's performance of work, near the accident location, fail to establish as a matter of law that neither defendant created or exacerbated the defective condition that caused plaintiff's fall. On the contrary, while both defendants argue that their respective work did not encroach on the crosswalk area where the pothole was located, their work area was in sufficient proximity to the fall to create a triable issue of fact as to whether such work created or exacerbated the crosswalk defect (see Brito v Stratford Five Realty, LLC, 118 AD3d 472, 472-473 [1st Dept 2014]; McNeill v LaSalle Partners, 52 AD3d 407, 411 [1st Dept 2008]; Cendales v City of New York, 25 AD3d 579, 581 [2d Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024