Traca v Catapano Engg. & Architecture, P.C. (2025 NY Slip Op 02367)

Traca v Catapano Engg. & Architecture, P.C.

2025 NY Slip Op 02367

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2021-09354
 (Index No. 620132/18)

[*1]Theresa Traca, appellant, 
v
Catapano Engineering & Architecture, P.C., et al., respondents, et al., defendants.

Gruenberg Kelly Della (Horn Appellate Group, Brooklyn, NY [Scott T. Horn & Lauren E. Bryant], of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, Harrison, NY (Donald G. Derrico and Jason C. Scott of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered December 9, 2021. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendants Catapano Engineering & Architecture, P.C., MVG Realty, LLC, and GNJ Management, LLC, and against the plaintiff dismissing the second amended complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when she tripped and fell in a parking lot outside of a bingo hall owned and operated by the defendants Catapano Engineering & Architecture, P.C., MVG Realty, LLC, and GNJ Management, LLC (hereinafter collectively the defendants), among others. The plaintiff subsequently commenced this action against the defendants and others to recover damages for personal injuries she allegedly sustained as a result of the accident. At a trial on the issue of liability, the Supreme Court admitted two photographs, photograph A and photograph B, into evidence over the plaintiff's objections. Both photographs purportedly showed that the area where the accident occurred was illuminated with lights. After the trial, the jury returned a verdict finding that the defendants were not negligent. Thereafter, a judgment was entered in favor of the defendants and against the plaintiff dismissing the second amended complaint insofar as asserted against them. The plaintiff appeals.
"Pursuant to CPLR 4404(a), the court, upon the motion of any party or on its own initiative, may set aside a verdict in the interest of justice" (Chihuahua v Birchwood Estates, LLC, 203 AD3d 1015, 1017 [internal quotation marks omitted]). "A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Allen v Uh, 82 AD3d 1025, 1025; see Heubish v Baez, 178 AD3d 779, 780). "The trial court must decide whether substantial justice has been done, and must look to common sense, experience, and sense of fairness in arriving at a decision" (Allen v Uh, 82 AD3d at 1025).
"[T]rial courts are accorded wide discretion in making evidentiary rulings and those [*2]rulings should not be disturbed on appeal absent an improvident exercise of discretion or a showing of prejudice to a substantial right pursuant to CPLR 2002" (Dyszkiewicz v City of New York, 218 AD3d 546, 550 [citation and internal quotation marks omitted]; see 6 Harbor Park Dr., LLC v Town of N. Hempstead, 230 AD3d 721, 723). In order to lay a proper foundation to admit photographs into evidence at trial, a party generally must authenticate them by providing "proof that the photographs were taken close in time to the accident and fairly and accurately represent the conditions as they existed on the date of the accident" (Davidow v CSC Holdings, Inc., 156 AD3d 682, 682; see Saporito v City of New York, 14 NY2d 474, 476). Here, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in admitting photograph A and photograph B into evidence. The defendants established a proper foundation to authenticate both photographs through witnesses with personal knowledge who testified that the photographs were fair and accurate representations of what the building and light fixtures looked like at the time of the accident. Accordingly, the issues raised by the plaintiff did not constitute error and did not deprive her of substantial justice (see Heubish v Baez, 178 AD3d at 780).
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Cruz-Rivera v National Grid Energy Mgt., LLC, 190 AD3d 687, 688; see Lolik v Big V Supermarkets, 86 NY2d 744, 746). Here, the jury's determination that the defendants were not negligent was supported by a fair interpretation of the evidence, and thus, the determination was not contrary to the weight of the evidence (see Sweet v Hazan, 220 AD3d 666, 668).
The plaintiff's remaining contentions are unpreserved for appellate review (see Novick v Novick, 214 AD3d 995, 998; Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632, 634).
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court