■ IMIYA MANN et al., Respondents, v ANGELA DAMBROSIO, Defendant, and TOYOTA MOTOR CREDIT CORPORATION, Appellant. [873 NYS2d 317]—

In an action to recover damages for personal injuries, etc., the defendant Toyota Motor Credit Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated July 17, 2007, as denied that branch of its motion which was to compel the plaintiff Annette Smalls to provide authorizations to obtain her academic, neurological, and/or psychological records and granted the plaintiffs' motion to preclude it from conducting a deposition of a nonparty treating social worker and to quash a subpoena served upon that social worker.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion which was to compel the plaintiff Annette Smalls to provide authorizations to obtain her academic records and substituting therefor a provision granting that branch of the motion only to the extent of directing the plaintiff Annette Smalls to furnish the appellant with authorizations to provide a copy of her academic records to the Supreme Court, Suffolk County, for an in camera review and a redaction by that court of any privileged matter prior to disclosure to the appellant, and thereafter compelling the plaintiffs to furnish authorizations for the records as redacted, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The appellant sufficiently showed that the academic records of the plaintiff Annette Smalls, the infant plaintiff's mother, are relevant and material to its defense of the action. However, since those records may contain privileged material, they should be reviewed in camera by the Supreme Court, Suffolk County, and privileged material, if any, should be redacted before giving the appellant access to the records (*see Rojas-Onofre v Lutheran Med. Ctr.,* 35 AD3d 832 [2006], and cases cited therein).

The appellant's remaining contentions are without merit. Florio, J.P., Angiolillo, McCarthy and Chambers, JJ., concur. [*See* 2007 NY Slip Op 32336(U).]