In an action to recover damages for medical malpractice, etc., the defendant Dmitriy Burman, the defendant Chinwe Offor, the defendant Mercy Medical Center, and the defendants Marc Behar and Marc Behar, M.D., EC., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Fhelan, J.), entered August 17, 2011, as denied those branches of their respective motions which were pursuant to CFLR 3124 to compel the plaintiffs to comply with certain discovery demands, and for related relief.
Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying those branches of the respective motions of the defendant Dmitriy Burman, the defendant Chinwe Offor, the defendant Mercy Medical Center, and the defendants Marc Behar and Marc Behar, M.D., EC., which were to compel the plaintiffs to produce the school records of the brother of the plaintiff James Fritz, and substituting therefor a provision granting those branches of the motions to the extent of directing the plaintiffs to produce those records for in camera inspection by the Supreme Court and otherwise denying those branches of the motions, and (2) by deleting the provision thereof denying those branches of the respective motions of the defendant Dmitriy Burman, the defendant Chinwe Offor, the defendant Mercy Medical Center, and the defendants Marc Behar and Marc Behar, M.D., EC., which were to compel the blood-testing and the appearance at a deposition of the plaintiff James Fritz, and substituting therefor provisions granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to set a schedule for completion of discovery, and to rule on any further outstanding demands for discovery.
*935 The Supreme Court denied the defendants’ respective motions, inter alia, to compel discovery on the ground that the parties failed to follow the court’s practice requiring them to enter into a self-executing stipulation as to outstanding discovery that included preclusion provisions. While we recognize that the Supreme Court had the authority to enforce its own procedures and control its calendar, in light of the plaintiffs’ explicit claim that the demands were improper, the court erred when it declined to rule on discovery issues which were the subject of contest between the parties, and could not have been memorialized in a stipulation. The contested discovery matters included whether the school records of the infant plaintiff’s nonparty brother should be disclosed, and whether the infant plaintiff should be produced for a blood test and a deposition.
The defendants sufficiently demonstrated that the school records of the infant plaintiffs nonparty brother were relevant and material to their defense of this action and, therefore, should have been produced for in camera inspection in order to determine whether those records contained privileged material (see Mann v Dambrosio, 58 AD3d 701 [2009]; Rojas-Onofre v Lutheran Med. Ctr., 35 AD3d 832 [2006]). Further, since the infant plaintiff placed his physical and mental condition in issue, he may be compelled to undergo a blood test to determine his genetic makeup (see Lapera v Shafron, 159 AD2d 614, 615 [1990]). Moreover, considering the infant plaintiff’s age, he should be produced for a deposition (see Perez v City of New York, 104 AD3d 661 [2013]).
Questions relating to further outstanding discovery, and the scheduling of additional discovery, must be left to the Supreme Court for disposition pursuant to the procedures of that court with respect to outstanding discovery, some of which the plaintiffs have explicitly consented to provide.
The defendants’ remaining contentions are without merit. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.
Motion by respondents, inter alia, on appeals from an order of the Supreme Court, Nassau County, entered August 17, 2011, to dismiss the appeals on the ground that they have been rendered academic. By decision and order on motion of this Court dated August 8, 2012, as amended August 28, 2012, among other things, that branch of the motion which was to dismiss the appeals from the order entered August 17, 2011, was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission of the appeals.
*936 Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
Ordered that the branch of the motion which was to dismiss appeals from the order entered August 17, 2011, is denied. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.